# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-1223-WJM-CBS

BARBARA BOYLE,

    Plaintiff,

v.

PROPERTY & CASUALTY INSURANCE COMPANY OF HARTFORD, an Indiana Corporation,

    Defendant.

## STIPULATED PROTECTIVE ORDER

PURSUANT TO F.R.C.P. 26(c), IT IS HEREBY AGREED BETWEEN THE PARTIES AND ORDERED BY THE COURT that the following provisions concerning confidential treatment of documents, answers to interrogatories or requests for admission produced by the Plaintiff or Defendant, or answers to deposition questions, or other responses to discovery requests, including inspections of tangible items, shall apply in the above-captioned matter.

    1.    This Order shall apply to and govern all documents, things, and information produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken or exchanged pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at deposition or trial, matters in evidence, and other information or copies thereof which the disclosing Party designates as "**CONFIDENTIAL**." Confidential

information shall include trade secrets; confidential research, development, financial and commercial information not publicly available, confidential internal claims handling communications and documents; reserve information, confidential health information, and confidential business, personal or financial information.  Confidential information may or may not also include management plans, business plans and strategies, financial information, tax returns, contracts with employees or customers, marketing and sales information, diaries, journals, day-timers and personal calendars.  The Parties expressly acknowledge that discovery may entail the production of materials constituting "protected health information" under 45 CFR § 160.103 and they agree that such information shall be designated "**CONFIDENTIAL**."  The Parties intend that this Order serve as a qualified protective order, under 45 CFR § 164.512(e)(1)(v).

2. As used in this Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3. Counsel for the producing party will review the information to be disclosed and designate the information it believes, in good faith, is confidential or otherwise entitled to protection.  The designated information is thereafter entitled to the protections afforded by the blanket protective order unless the designation is objected to by an opposing party.  Judicial review of a party's designation as confidential occurs only when there is such an objection which the parties cannot resolve by agreement.

4. Documents and information designated "**CONFIDENTIAL**" in accordance with this Order, and the information contained therein, shall be used solely for the

purposes of this case and may not be used as a basis for any other action, claim, or protest without first obtaining permission of this Court or the producing party. Such information shall not be used by, or disclosed to any person except as provided herein, provided that the disclosing party may use its or her own confidential or restricted information for any lawful purpose. Confidential Information may be disclosed to the following classes of persons (collectively "Recipients"):

  (A)  The parties and counsel of record for the parties, and members or associates of the firms who are working on this litigation;

  (B)  The non-technical, clerical, or paralegal staff employed by counsel referred to in the preceding subparagraph who are working on this litigation;

  (C)  Independent experts retained by counsel to assist in this litigation;

  (D)  Any person or entity designated as author, addressee, or recipient of such document;

  (E)  Any person or entity to whom the document itself indicates that the information therein was previously communicated;

  (F)  The Court and its employees ("Court Personnel"); and

  (G)  Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action.

  5.  Prior to disclosing any **CONFIDENTIAL** information to any Recipients listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has

read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. No Recipient shall photocopy, duplicate, copy or otherwise retain any copy, facsimile, summary, or synopsis of any confidential documents or information other than for use solely for the purposes of this litigation.  Within sixty (60) days from the date of entry of a final judgment or order of dismissal in this litigation, each Recipient shall return to counsel for the producing party any and all copies of the confidential documents and information and any notes, memoranda, reports, transcripts, exhibits, or other documents referring to or relating to such confidential documents or information, excluding attorney work product.

7. During any deposition, confidential information may be disclosed to any deponent or witness who is a Recipient as defined herein.  Deponents may likewise be asked to disclose confidential information which is within their knowledge.  In the event confidential documents or information are used, disclosed or elicited during any deposition, counsel shall designate during the deposition the documents and information, and all portions of the deposition transcripts which refer to such documents and information, as "**CONFIDENTIAL**" pursuant to the provisions of this Order.  Portions of depositions shall be designated as "**CONFIDENTIAL**" by a statement on the record at the deposition by counsel that the testimony is confidential and subject to the provisions of this Order.  In the event that such a designation is made, the portion of the deposition

4

subject to the confidential designation may be attended by the deponent, any Recipients otherwise entitled to attend, and the appropriate court or deposition reporters. The deponent or court or deposition reporter in attendance at such deposition shall be subject to all restrictions and obligations applicable to Recipients.

8. In addition to the procedure described in the preceding paragraph, a party may designate a portion of a deposition as confidential within fourteen (14) days after receipt of the deposition transcript. This designation shall be made by delivery to trial counsel in this case of a written notice of the designation, identifying the deposition and specifying by page and line the portions designated as confidential. Portions of depositions designated in accordance with this paragraph shall be subject to the same restrictions as portions contemporaneously designated in accordance with the preceding paragraph. The failure of a party to contemporaneously designate a portion of a deposition as confidential in accordance with the preceding paragraph shall not constitute a waiver of any claim that the information constitutes a trade secret or other confidential research, development, personal, financial or commercial information, provided that the portion of the deposition is timely designated in accordance with this paragraph. However, no person or party shall be subject to any sanction under this Order arising from the use or disclosure, prior to receipt of the written designation, of deposition testimony not previously designated under the terms of paragraph 6.

9. A party may object to the designation of particular "**Confidential**" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the

parties cannot resolve the objection within fifteen (15) business days after the time the notice is received, it shall be the obligation of the party designating the information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Order.  If such a motion is timely filed, the disputed information shall be treated as "**Confidential**" under the terms of this Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation of "**Confidential**" and shall not thereafter be treated as "**Confidential**" in accordance with this Order.  In connection with a motion filed under this provision, the party designating the information as "**Confidential**" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "**Confidential**.".

10.    In the event that counsel for a party deems it necessary to disclose any information that a producing party has designated "**CONFIDENTIAL**" to any person not specified in paragraph 4 above, said counsel shall notify counsel for the producing party in writing of (a) the information or documents to be disclosed, and (b) the person(s) to whom such disclosure is to be made, and shall attempt to reach agreement regarding such disclosure.  If agreement cannot be reached, the party wishing such disclosure shall file an appropriate motion with the Court.

11.    Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

12. Any party may use confidential documents or information in any affidavit, brief, memorandum of law, or other document filed in this litigation. Any documents utilizing these materials or information shall be marked "**CONFIDENTIAL**", shall be filed and served in accordance with D.C.COLO.L.Civ.R 7.2, with Level 1 Restricted Access, and shall be maintained under seal by the Court.

13. Nothing herein shall prevent disclosure beyond the terms of this Order if (a) the producing party of confidential information consents in writing to such disclosure, or (b) such disclosure is otherwise required by a lawful subpoena or order issued by a court of competent jurisdiction, or (c) this Court, after notice to all affected parties, orders such disclosure.

14. Nothing contained in this Order shall affect the right of any party to make objections or other responses permitted by the Federal Rules of Civil Procedure to any request for production of documents, interrogatory, request for admission, or question at a deposition, except matters of confidentiality which this Order has addressed. Nothing in this Order shall constitute a ruling on any such claim.

15. This Order is entered pursuant to F.R.C.P. 26(c). The protections afforded pursuant to this Order are continuing. No confidential information shall be disclosed in violation of this Order either during or after this litigation.

16. The Parties acknowledge that the terms hereof are intended to apply to all documents disclosed in the above captioned matter whether such documents were disclosed before or after the date of this Order.

17. Disclosure or release of any **Confidential** Information, whether done so voluntarily, through discovery, or by order of this Court, does not constitute a waiver of any releasing or disclosing party's right to object to the admission or use of such Confidential Information at a hearing or trial of this matter.

18. This Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity to be heard.

Dated at Denver, Colorado this 13th day of March, 2014.


s/Craig B. Shaffer
United States Magistrate Judge


Agreed and stipulated this 13 day of March, 2014.

Respectfully submitted

| //s// Rob Loree | //s// Mike Brooks |
|---|---|
| Robert W. Loree | WELLS, ANDERSON & RACE, LLC |
| The Terrace at Concord Park | L. Michael Brooks, Jr. |
| 777 East Sonterra Blvd., | Stephen E. Baumann II |
| Suite 320 | 1700 Broadway, Suite 1020 |
| San Antonio, Texas 78258 | Denver, CO 80290 |
| Telephone: (210) 404-1320 | Telephone: (303) 830-1212 |
| Facsimile: (210) 404-1310 | E-Mail: mbrooks@warllc.com |
| Email: rob@LHLlawfirm.com | ATTORNEYS FOR DEFENDANT |

8